IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-376-BO
No. 5:17-CV-210-BO

| | |
|---|---|
| TIMOTHY JOELETTE HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner has responded to the motion to dismiss and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

BACKGROUND

Petitioner was sentenced by this Court to a term of 105 months' imprisonment after pleading guilty to two counts of being a felon in possession of a firearm and ammunition. [DE 27]. Petitioner noticed a direct appeal, and the court of appeals affirmed this Court's judgment on June 26, 2013. [DE 37]. Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on November 4, 2013. *Harris v. United States*, 134 S. Ct. 540, 541 (2013). Petitioner filed an unsigned motion pursuant to 28 U.S.C. § 2255 on May 1,

2017,[1] and filed a signed § 2255 motion on May 9, 2017. Petitioner contends that count one of the indictment is the same charge and conviction to which he pled guilty in state court, in violation of petitioner's Fifth Amendment rights, and that defense counsel was ineffective and negligent by allowing petitioner to plead guilty to count one, in violation of petitioner's Sixth Amendment rights.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner's conviction became final when the Supreme Court denied his petition for writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Petitioner's § 2255 motion was filed well-outside the filing period provided by § 2255(f)(1) as it was filed more than three years after his conviction became final. Petitioner does not appear to rely on any other provision of § 2255(f) as he has not identified any government impediment which has been removed, he has not relied on a Supreme Court decision made retroactively applicable on collateral review,

---

[1] The Court has not considered petitioner's unsigned § 2255 motion for failure to comply with the Court's Local Rules and the clerk is DIRECTED to terminate this motion as pending on the docket.

2

nor has he identified any new facts discovered through due diligence to support his claim. His § 2255 petition is therefore untimely.

While equitable tolling is available to toll the limitations period in this context, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), petitioner has identified no basis upon which to invoke equitable tolling. The Court further notes that petitioner has failed to state a plausible claim for relief. The "Constitution does not deny the State and Federal Governments the power to prosecute for the same act", *Rinaldi v. United States*, 434 U.S. 22, 28 (1977) (per curiam), and the dual sovereignty exception would apply such that petitioner's conviction in state and federal court for the same conduct would not violate the Double Jeopardy Clause of the Fifth Amendment. *United States v. Clark*, 400 F. App'x 722, 724 (4th Cir. 2010). Accordingly, both petitioner's Fifth Amendment and related Sixth Amendment ineffective assistance of counsel claims would fail.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For these reasons, petitioner has failed to state a claim upon which relief could be granted and his § 2255 motion [DE 46] is properly DISMISSED. The government's motion to dismiss [DE 49] is GRANTED. A certificate of appealability is DENIED.

SO ORDERED, this 12 day of October, 2017.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE